IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS S. WASHAM, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 13-0606 |
| | : | |
| JUDGE JAMES F. PROUD, et al., | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                  June 10, 2013

Thomas S. Washam filed this *pro se* action pursuant to [42] U.S.C. §§ 1983, 1985, 1988, and [28] U.S.C. §§ 2241 and 2242, against Judges James F. Proud and Frank Hazel of the Court of Common Pleas of Delaware County, District Attorneys Louis G. Stesis and Michael Green,[1] and President Judge Bonnie Brigance Ledbetter of the Commonwealth Court of Pennsylvania. There is no evidence in the record that these defendants have been served apart from a sheet which he signed and attached to the complaint entitled, "Proof of Service," including the names and addresses of two of the five defendants.[2] Because I am convinced that this court lacks subject matter jurisdiction pursuant to the Rooker-Feldman

---

[1] I note that G. Michael Green served as the District Attorney of Delaware County from 2002 to 2011. In November 2011, however, he was elected judge of the Delaware County Court of Common Pleas, and was sworn in on January 3, 2012. Although it is of no consequence, I will view the allegations against him as having occurred during his tenure as District Attorney.

[2] Mr. Washam originally filed this case in the Middle District of Pennsylvania which transferred it to this district pursuant to 28 U.S.C. § 2241(d). See Washam v. Proud, et al., 13-cv-0052, 2013 U.S. Dist. LEXIS 20185 (M.D. Pa. February 1, 2013). There is no entry on the dockets of either district that shows that Mr. Washam paid the filing fee, filed an application to proceed *in forma pauperis*, or arranged for the issuance of summonses. Under these circumstances, I must conclude that service was never perfected upon the defendants.

doctrine, I will dismiss the complaint *sua sponte* in its entirety with prejudice, and deny as moot the outstanding motions.

## I. BACKGROUND

On October 23, 1987, following a jury trial in the Court of Common Pleas of Delaware County, Pennsylvania, Mr. Washam was convicted of first degree murder, possession of an instrument of crime, and possession of a firearm without a license. Washam v. Delaware County Court of Common Pleas, et al., NO. 95-cv-5697, 2006 U.S. Dist. LEXIS 88154, *2 (E.D. Pa. December 5, 2006). Subsequently, he was sentenced to life in prison for murder and concurrent sentences of two to five years' imprisonment for each of the weapons offenses. Id. The Pennsylvania Superior Court affirmed the judgment of sentence on March 9, 1990. Id. Discretionary review by the Pennsylvania Supreme Court was denied on March 22, 1991. Id.

On May 24, 1991, Mr. Washam sought relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, *et seq*. Id. at *3. Counsel was appointed. After a hearing, Mr. Washam's PCRA petition was denied on November 22, 1991. Id. Mr. Washam subsequently filed a timely appeal to the Superior Court. Id. On November 24, 1993, the Superior Court affirmed the judgment of the PCRA court, finding Mr. Washam's claim to be without merit. Id. He then sought discretionary review by the Pennsylvania Supreme Court, which was denied on March 30, 1995.

On September 8, 1995, Mr. Washam filed in this court a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Id. As grounds for relief, Mr. Washam alleged violations of his Constitutional rights due to (1) illegally obtained testimony in violation of spousal immunity; (2) ineffective trial counsel; (3) improper admission of evidence of prior bad acts; and (4) prosecutorial misconduct in failing to present a witness for cross-examination. Id. Among other specific allegations, Mr. Washam claimed ineffective assistance of counsel for counsel's failure to secure Mr. Washam's presence during robing room conferences. Id. at *3-4. The Honorable Ronald L. Buckwalter dismissed the petition, finding that certain grounds were procedurally defaulted and that ineffective assistance of counsel in a state collateral proceeding was no basis for *habeas* relief. Id. at *4. Mr. Washam subsequently appealed to the United States Court of Appeals for the Third Circuit, requesting an issuance of a Certificate of Probable Cause for Appeal from the denial of his *habeas* petition. Id. The Third Circuit denied his request for a Certificate of Probable Cause on November 8, 1996, finding that his claims were non-cognizable, procedurally defaulted, or failed to make a substantial showing of the denial of a federal right. Id.

On December 18, 2000, Mr. Washam filed a second or successive petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Id. On February 20, 2001, Judge Buckwalter dismissed with prejudice four of Mr. Washam's five claims, finding that they were presented in the prior petition. Id. at *4-5. His fifth claim, relating to the

demographics of the county in which he was tried, was dismissed without prejudice to his right to seek an Order from the Third Circuit authorizing the court to consider this claim. Id. at *5. On August 20, 2001, the Third Circuit denied Mr. Washam's request to file a second or successive *habeas* petition pursuant to 28 U.S.C. § 2244(b). Id.

In July 2006, Mr. Washam returned to this court with a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Judge Buckwalter found that because it was clearly challenging Mr. Washam's underlying state conviction, his Rule 60(b) motion was, in essence, a second or successive *habeas*. Id. at *9. He dismissed the motion as an unauthorized *habeas* petition.[3] Id. The Third Circuit subsequently denied Mr. Washam's request for a certificate of appealability. See Washam v. Delaware County Court of Common Pleas, et al., 09-2155 (3d Cir. May 4, 2010).

In August 2007, Mr. Washam filed his first *pro se* action pursuant to Section 1983 against Louis Stesis, Deborah Gaston, and Karen Cuba, alleging that the prosecutor in his murder trial illegally struck African Americans from the jury in violation of Batson v. Kentucky, 476 U.S. 79 (1986). He further contended that the absence of the prosecutor's exercise of his peremptory strikes on the record demonstrated a willful concealment of the alleged Batson violation. I granted the defendants' motions to dismiss, finding that there was no set of facts that would entitle Mr. Washam to relief, and that his complaint was barred by the statute of limitations, the Heck v. Humphrey doctrine, and

---

[3] Under the AEDPA, a court may not consider a second or successive *habeas corpus* petition, or a motion pursuant to Rule 60(b) determined to be, in essence, a second or successive *habeas* petition prior to obtaining an order from the Court of Appeals for the Third Circuit. See 28 U.S.C. § 2244(b)(3).

4

judicial/prosecutorial immunity.  Washam v. Stesis, et al., No. 07-cv-2907, 2008 U.S. Dist. LEXIS 50520, * (E.D. Pa. June 30, 2008).  The Third Circuit Court of Appeals affirmed the dismissal.  Washam v. Stesis, et al., 321 Fed. Appx. 104 (3d Cir. 2009).

On December 30, 2009, Mr. Washam brought an action in the Court of Common Pleas of Delaware County against three of the defendants in this case, including Judge Frank Hazel, District Attorney Michael Green, and District Attorney Louis Stesis. Washam v. Hazel, et al., 38 A.3d 1092 (Pa Commw. 2012).  Mr. Washam alleged, *inter alia*, that: (1) Judge Hazel violated the general terms of his oath when he stated that he had "read a document and the law required him to render a judgment in accordance with its precepts;" (2) District Attorney Green violated the contract he entered into in 1980 by allowing a false document to be passed off as genuine; (3) Attorney Stesis violated the contract he entered into in 1978 when he too allowed a false document to be passed off as genuine.  Id. at *1-2.  The defendants filed timely preliminary objections arguing that the complaint arose out of Mr. Washam's 1987 conviction for murder, and that that conviction had never been set aside or vacated; that the complaint did not state a valid cause of action because there is no such cause of action as "breach of oath of office" under Pennsylvania law; and that the suit against Judge Hazel was barred by the doctrines of sovereign and judicial immunities.  Id. at *4-5.  The Honorable James F. Proud sustained the preliminary objections of the defendants and dismissed Mr. Washam's complaint with

prejudice.  Id. at *9.  Upon appeal, the Commonwealth Court of Pennsylvania affirmed Judge Proud's dismissal of the complaint on February 23, 2012.  Id. at *10.

Mr. Washam has now returned to this court bringing a civil rights action against five defendants alleging that the "basis of this civil action are deprivations orchestrated by Court of Common Pleas of Delaware County, Pennsylvania Judge James F. Proud.  Along with the chain-like activities of President Judge of Commonwealth Court of Pennsylvania Bonnie Brigance Ledbetter."  See Compl. at 2.  He adds that "the nucleus of this complaint rest [sic] in a void state court record."  Id. at 3.  Throughout the complaint, Mr. Washam refers to the defendants' violations of the Pennsylvania Rules of Civil Procedure, violations of Pennsylvania statutes and Constitution, and the Pennsylvania Rules of Appellate Procedure.  Citing 28 U.S.C. § 2201, Mr. Washam asks for a declaratory judgment from this court "to block the defense of judicial and sovereign immunity by the defendants named due to the absolute and remedial rights to default and public records."  Id. at 8.  Mr. Washam further alleges that "the federal courts are constitutionally bound to set aside a judgment whose enforcement would work inequity."  Id. at 11.  In addition to the declaratory judgment, Mr. Washam seeks "punitive damages against the two judges and two District Attorneys due to the chain conspiracy to deprive the defendant of Civil Rights," and an "amount of $100,000 as an action *in personam* against the two additional defendants."[4]  Id. at 11-12.

---

[4] I note that, in addition to Judge Green, there are three defendants, not two, who are judges, and there are no other defendants except for the two district attorneys named.  Mr. Washam refers to Angela L. Martinez, the Prothonotary of Delaware County, throughout the complaint, but she is

6

## II. LEGAL STANDARD

Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*. See Liberty Mutual Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure requires that federal courts dismiss an action "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." The law grants subject matter jurisdiction to the federal district courts over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Jurisdiction of federal district courts is strictly original, not appellate. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)). Congress has empowered only the Supreme Court of the United States to exercise appellate authority to reverse or modify a state-court judgment. Id. A filing in the district court which is in essence an appeal of a final state court decision must be dismissed for lack of subject matter jurisdiction. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 (1983) (It is well-settled that federal courts lack jurisdiction to review state court judgments where the relief sought is in the nature of appellate review).

Under the long-established Rooker-Feldman doctrine, a federal district court has no authority to review judgments of a state court in judicial proceedings. Review of such judgments may be had only in the state appellate courts and in the United States Supreme

---

not named as a defendant. Thus, it is unclear to whom Mr. Washam is referring as the additional defendants.

7

Court. See 28 U.S.C. § 1257.[3] The Rooker-Feldman doctrine applies in the § 1983 context, and operates whether or not the state litigation has reached the state's highest court. Port Authority PBA v. Port Authority of N.Y. and N.J., 973 F.2d 169 (3d Cir. 1992) (citing Worldwide Church of God v. McNair, 805 F.2d 888, 893 n.3 (9th Cir. 1986)). Moreover, the doctrine applies even where a plaintiff alleges deprivations of federally-protected due process and equal protection rights. Feldman, 460 U.S. at 485.

If the constitutional claims presented to the federal district court are "inextricably intertwined" with the state court's action, then the district court is in essence being called upon to review the state court decision. Id. at 483-84, n.16. Under those circumstances, such claims must be dismissed under the Rooker-Feldman doctrine. See Parkview Assoc. P'ship v. Lebanon, 225 F.3d 321, 325 (3d Cir. 2000) ("a federal action is inextricably intertwined with a state adjudication, and thus barred in federal court under Feldman where federal relief can only be predicated upon conviction that the state court was wrong"). A federal claim is inextricably intertwined with an issue adjudicated by a state court when: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment. Knapper v. Bankers Trust Co., 407 F.3d 573, 581 (3d Cir. 2005).

---

[3] Title 28 of the United States Code, Section 1257 provides that final judgments or decrees rendered by the highest court of a state in which a decision could be had are to be reviewed by the Supreme Court of the United States, not by federal district courts.

The Supreme Court of the United States confined the application of the Rooker-Feldman doctrine to those cases (1) brought by state-court losers (2) complaining of injuries caused by state court judgments (3) rendered before the District Court proceedings and (4) inviting District Court review and rejection of those judgments. Exxon Mobil Corp., 544 U.S. at 284.

**III. DISCUSSION**

Here, the Rooker-Feldman doctrine operates as a complete bar to Mr. Washam's claims against the defendants. Mr. Washam, a "state-court loser," is complaining of alleged constitutional violations during civil proceedings against the defendants in state court, and seeking relief from this court to review and reject the determinations made during those proceedings. Bringing new claims under the guise of a § 1983 action, Mr. Washam is fundamentally still seeking appellate review of his state court proceedings which have already been reviewed by the state appellate courts. If I were to grant the relief sought, I would be in essence determining that the state court judgment was erroneously entered, leading to its reversal. These federal claims are inextricably intertwined with Mr. Washam's state case against the defendants. Accordingly, pursuant to the Rooker-Feldman doctrine, this court lacks jurisdiction to review the actions of the state court, and I will dismiss this case in its entirety.

Even if this court had jurisdiction over these claims, however, they would still fail. Title 42 of the United States Code § 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights. Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979). To state a § 1983 claim, a plaintiff must demonstrate that the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995).

Mr. Washam's claims against Judge Proud, Judge Hazel, and President Judge Ledbetter would be barred by the doctrine of judicial immunity. Judges are absolutely immune from suits for damages under 42 U.S.C. § 1983 when they act in a judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 356-357 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'").

In his complaint, Mr. Washam cites specific conduct of two judges which he alleges was violative of his civil rights. For example, Judge Proud sustained the

defendants' preliminary objections which "set in motion a matrix of complicity that resulted in a chain of conspiracy." See Compl. at 6. Judge Proud further is alleged to have violated his oath in the form of altering and amending records when he took judicial notice of the lack of service on Angela Martinez. Id. at 6. Judge Ledbetter "was put on constructive notice of [patent violations in systematic order which occurred in his state case], but refused to supervise this matter as her post requires." Id. at 7. Finally, although listed as a named defendant in this action, Judge Hazel is not mentioned specifically in the body of the complaint.

Because the acts of which Mr. Washam complains were all performed by these state judges in their official capacities, contrary to Mr. Washam's contention, and within the judges' jurisdiction, they are entitled to judicial immunity. See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768-769 (3d Cir. 2000). These were judicial acts normally performed by a judge, and were not issued in the clear absence of all jurisdiction. Thus, Mr. Washam's § 1983 claims against the judges would be dismissed.

Likewise, if this case were properly before me, the two named district attorneys would be entitled to prosecutorial immunity. The only conduct which the complaint specifically attributes to Attorney Stesis and Judge Green concerns a document which did not contain a signature thus voiding it according to Mr. Washam. He alleges that "specific civil liberties were triggered when" the two named district attorneys, along with Judges Proud and Ledbetter, "deliberated [sic] bound plaintiff to a void instrument." See Compl.

at 8-9.  Prosecutors have absolute immunity from civil suits for damages under § 1983 for initiating and presenting a criminal case.  Buckley v. Fitzsimmons, 509 U.S. 259, 272-273 (1993).  Absolute prosecutorial immunity also extends to typical prosecutorial functions and activities.  See Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  Here, neither attorney was the prosecutor at Mr. Washam's murder trial in 1987.  Attorney Stesis merely represented the Commonwealth in connection with Mr. Washam's PCRA proceedings.  Judge Green was the District Attorney of Delaware County during Mr. Washam's civil complaint in the state courts.[5]  They are both, therefore, protected by prosecutorial immunity.

After reviewing the record in this case, I am persuaded that this court lacks subject matter jurisdiction based on the Rooker-Feldman doctrine.  Accordingly, I will dismiss this complaint *sua sponte* in its entirety with prejudice.

An appropriate Order follows.

---

[5] I also note that the theory of *respondeat superior* is inapplicable in Section 1983 claims.  A defendant who supervised the wrongdoer, but did not personally participate in the wrongful act, is not liable under § 1983 unless he personally directed or had actual knowledge of, and acquiesced in, the deprivation.  Polk County v. Dodson, 454 U.S. 312, 325 (1981) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).  Additionally, a defendant who lacked any supervisory power over the wrongdoer and who was not personally, affirmatively involved in the alleged wrongful conduct is not liable under § 1983.  Id.  Thus, if Mr. Washam included Judge Green as a defendant based solely on his tenure as District Attorney, his claim would fail.

12